## Brewer *v.* Waddell *et al.*

Lumpkin, J. 1. The plaintiff filed an equitable petition against certain trustees of a church, alleging that the defendants had trespassed upon the land of the plaintiff adjoining the church property, had torn down and removed improvements thereon without title or claim of title, and had threatened to get possession of the plaintiff's land by the use of whatever force was necessary. She prayed that they be enjoined from interfering with her possession or destroying improvements on her property, that she have a judgment for $200 damages, and for general relief. The defendants denied that the plaintiff owned the property in controversy, and claimed that it belonged to them, and that she was trespassing upon their property and erecting a hog-pen and chicken-house which would interfere with their possession of the land for use for church and cemetery purposes. The plaintiff pleaded as a part of the title under which she claimed, and on the trial introduced in evidence as the first conveyance in her chain, a deed from one Crow to one Goddard in 1872, conveying land lot number 796, containing the following clause: "Excepting and reserving a certain piece of lot No. 796 in the southwest corner of said lot, containing five acres more or less, the boundary lines of which is more fully described in a deed made by said Crow to George W. Morgan et al., deacons &c. of the Missionary Baptist Church located thereon; provided that if said church shall ever cease to exist or finally fail to use said plat of land for the purposes contained in said deed, then and in that event said piece of land reverts to me, said Crow, donor of the same, &c. Now therefore, and for and in consideration of said $600.00 aforesaid that should said land revert to me as before named, I, the said Crow, do by these presents grant, bargain, sell, alien, and convey said five acres of land to said Goddard with the original tract, &c." She did not introduce the deed from Crow to the Missionary Baptist Church, so as to show what use of the land was specified to be made thereby, or whether it contained any reversionary clause. She then introduced a deed from Goddard to certain persons as trustees of the Sardis Church of the M. E. Church South, dated November 7, 1872, conveying two acres more or less; a bond for title from Goddard to a trustee of a colored church for one acre in 1882, and a deed from a person claiming to be a subsequent trustee of the same church in 1912, conveying the same one acre to the plaintiff; also a deed from the widow of Goddard to the plaintiff in 1895, conveying two acres, more or less, and recited as being all of the original five-acre tract "except the two acres deeded to the M. E. Church South, and the one acre sold to the negroes." There was considerable evidence as to the use of the churches and the ground by the whites and negroes respectively and for the cemetery. It tended to show that the Baptist Church, to which the conveyance from Crow was recited to have been made, had removed before the deed from Crow to Goddard was executed, but failed to show that the burial ground had been abandoned. *Held*:

(*a*) That the plaintiff did not show a perfect paper title extending from the State to her.

(b) The deed from Crow to Goddard, which she pleaded as part of her chain of title, and introduced in evidence as such, showed on its face that five acres of land, including that in controversy, had previously been conveyed by Crow to a Baptist church for certain purposes recited to have been set out in that deed. While the deed from Crow to Goddard claimed a reversionary right under certain circumstances, this could not change the title actually conveyed by Crow to the church; and as that deed was not introduced in evidence, and was not shown to have included any reversionary clause, or, if so, on what condition, or that the condition expressed in such deed had happened, the plaintiff failed to show that any reversion had taken place beyond a mere claim to that effect on the part of Goddard.

(c) The plaintiff having thus based her claim upon the deed from Crow to Goddard, and the making of certain subsequent deeds by Goddard, she failed to show that they conveyed a good title; nor did the evidence make out a prima facie case of title to the part of the land in controversy, or of trespass or threatened trespass upon land belonging to her.

(d) Until she made out a prima facie case, the defendants were not put upon proof of their title, and there was no error in granting a nonsuit.

*Judgment affirmed. All the Justices concur.*
APRIL 16, 1914.

Equitable petition. Before Judge Edwards. Polk superior court. February 26, 1913.

*Bunn & Trawick,* for plaintiff. *J. K. Davis, J. L. Tison, H. H. Carpenter,* and *W. K. Fielder,* for defendants.